McGREGOR W. SCOTT
United States Attorney
KIRK E. SHERRIFF (SBN 219488)
Asst. United States Attorney
U.S. Courthouse, Suite 4401
2500 Tulare St.
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| SOUTHERN CALIFORNIA EDISON CO., | |
| Defendant. | |

Plaintiff, the United States of America ("United States"), for its causes of action, alleges as follows:

**JURISDICTION AND VENUE**

1. This civil action arises under federal and California law, including federal and California common law, California Health and Safety Code §§ 13007-13009.1, California Pub. Res. Code §§ 4293 and 4435, California Civil Code § 1714(a), 36 C.F.R. pt. 261, and 31 U.S.C. §§ 3711 and 3717, for monetary damages incurred by the United States of America in connection with the "Musick Fire," which ignited on or about August 17, 2001, in or about National Forest System lands in the Sierra National Forest,

1  in Fresno County, California.

2     2.   This Court has subject-matter jurisdiction over this
3  action under 28 U.S.C. §§ 1331 and 1345.

4     3.   Venue is proper in this district under 28 U.S.C.
5  § 1391(b).

## PARTIES

6

7     4.   Plaintiff United States, as sovereign, owns National
8  Forest System lands in Fresno County that are under the
9  supervision, control, administration, and protection of the
10 United States Department of Agriculture, Forest Service ("Forest
11 Service"), an agency and instrumentality of the United States.

12    5.   Defendant Southern California Edison Company ("SCE")
13 is, and was at all times material to this civil action, a
14 California corporation doing business in the State of California
15 and within this district.  SCE operates electric power lines and
16 other electric power facilities in the Sierra National Forest,
17 within this district.

## GENERAL ALLEGATIONS

18

19    6.   The Musick Fire ignited on or about August 17, 2001,
20 prior to approximately 6:00 p.m., in a forested area downslope
21 from Forest Service Road 8S08, east of the penstocks for SCE's
22 Big Creek Powerhouse No. 2, under or adjacent to a 220,000 volt
23 SCE transmission line ("220kV Transmission Line").  The Musick
24 Fire ignited on or adjacent to lands under the management and
25 control of SCE.

26    7.   The Musick Fire ignited as a result of SCE's failure to
27 maintain sufficient clearances around, and failure to remove fire
28 hazards in the area of, its 220kV Transmission Line.  The Musick

1 Fire ignited when SCE's 220kV Transmission Line came into contact
2 with a tree and caused the tree to ignite.  SCE failed to keep
3 the area under and around its 220kV Transmission Line free of
4 hazards, and failed to maintain the required firebreak between
5 its 220kV Transmission Line and surrounding vegetation.  SCE
6 failed to maintain a clearance of at least 10 feet between its
7 200kV Transmission Line and the tree that SCE's 200kV
8 Transmission Line ignited.
9     8.   After learning of the Musick Fire started by SCE, the
10 Forest Service suppressed the fire at substantial cost to the
11 United States.  The Musick Fire burned approximately 193 acres of
12 National Forest System lands within the Sierra National Forest
13 before it was suppressed.
14     9.   The United States' damages include, but are not limited
15 to, the costs of fire suppression, the costs of rehabilitation
16 and restoration of the burned areas, loss of timber, and loss of
17 habitat and environmental values.  The amount of the United
18 States' damages is to be proved at trial.
19     10.  The United States has made repeated demands on SCE for
20 payment of the costs and damages incurred by the United States
21 due to the Musick Fire.  SCE has not paid any part of the sum
22 demanded by the United States.

23                **SCE's FERC PROJECT 2175 LICENSE**

24     11.  The Federal Power Commission (now the Federal Energy
25 Regulatory Commission ("FERC")), on or about March 27, 1959,
26 issued to SCE a license for a hydroelectric project located in
27 part in the Sierra National Forest, and identified as Project
28 2175 ("Project 2175 License").  A true and correct copy of the

-3-
COMPLAINT

Project 2175 License, including annexed Federal Power Commission Form L-5 dated December 15, 1953, but not including other exhibits, is annexed hereto as Exhibit 1.

12.  At all times material to this civil action, the Project 2175 License was and is a valid contractual agreement, supported by consideration, between the United States and SCE.  At all times material to this civil action, SCE's 220kV Transmission Line was licensed under the Project 2175 License and/or other SCE FERC licenses.

13.  In consideration for permission to use reserved federal lands and water to generate electricity for profit, SCE agreed, among other obligations, to abide by the Project 2175 License conditions, including the provisions in the Project 2175 License requiring SCE to compensate the United States for all damages resulting from its operations under the license.

14.  Among other things, the Project 2175 License identifies the "principal structures" of the project as including:

> two 220 KV single circuit transmission lines each approximately 144 miles long, one line extending from Big Creek Powerhouse No. 1 switchrack by way of Vestal Substation switchrack to the switchrack at the Magunden Substation, the other line extending from Big Creek Powerhouse No. 1 switchrack by way of switchracks at Big Creek Powerhouse No. 2, Big Creek Powerhouse No. 3, Rector Substation, and Vestal Substation, to the Magunden Substation switchrack.

Ex. 1, at US000252.  The 220kV transmission lines identified as principal project structures in the Project 2175 License run parallel to each other in the origin area of the Musick Fire.

15.  The SCE 220kV Transmission Line that ignited the Musick Fire is one of the two 220kV transmission lines identified as

principal project structures in the Project 2175 License.  The SCE 220kV Transmission Line that ignited the Musick Fire is a project work, or a work appurtenant or accessory thereto, under the Project 2175 License.

16.  SCE's Project 2175 License incorporates as part of the license the terms and conditions of Federal Power Commission Form L-5, dated December 15, 1953.

17.  Under the Project 2175 License, SCE is liable for all damages to the United States caused by SCE's operation of its 220kV Transmission Line, including all damages to the United States in this action.  The Project 2175 License provides at Article 19 of annexed Form L-5:

> The Licensee shall be liable for injury to, or destruction of, any buildings, bridges, roads, trails, lands, or other property of the United States, occasioned by the construction, maintenance, or operation of the project works or of the works appurtenant or accessory thereto under the license.  Arrangements to meet such liability, either by compensation for such injury or destruction, or by reconstruction or repair of damaged property, or otherwise, shall be made with the appropriate department or agency of the United States.

Ex. 1, at US000267-US000268.

18.  Under the Project 2175 License, SCE is required to prevent and to suppress fires on lands SCE occupies under the license.  The Project 2175 License provides at Article 13 of annexed Form L-5:

> The Licensee shall do everything reasonably within its power and shall require its employees, contractors, and employees of contractors to do everything reasonably within their power, both independently and upon request of officers of the agency of the United States concerned, to prevent, make

        advanced preparations for suppression, and suppress fires on lands occupied under the license.

Ex. 1, at US000265-US000266.

## CLAIMS FOR RELIEF

### First Claim for Relief

**(Indemnity Under the Project 2175 License)**

19. The United States reasserts and realleges, as if fully set forth herein, paragraphs 1-18 above.

20. At all times material to this civil action, the Project 2175 License was and is a valid contractual agreement, supported by consideration, between the United States and SCE. SCE agreed among other obligations to abide by the Project 2175 License conditions, including the provisions in the Project 2175 License requiring SCE to compensate the United States for all damages resulting from SCE's operations under the license.

21. The Project 2175 License, at Article 19 of incorporated Form L-5, creates a contractual right of indemnity for the United States.

22. The Musick Fire was caused by SCE's operation of its 220kV Transmission Line, which is a project work under the Project 2175 License, or a work appurtenant or accessory thereto. The Musick Fire injured and destroyed National Forest System lands and other property of the United States.

23. Under the Project 2175 License, SCE is liable for the United States' damages resulting from the Musick Fire, in an amount to be established at trial.

**Second Claim for Relief**

**(Breach of the Project 2175 license)**

24. The United States reasserts and realleges, as if fully set forth herein, paragraphs 1-23 above.

25. SCE breached its obligations to the United States under the Project 2175 License, including by, but not limited to, the following particulars:

    a. SCE failed to compensate the United States for injury to and destruction of National Forest System lands or other federal property due to the Musick Fire;

    b. SCE failed to make arrangements with the United States to meet its liability under the Project 2175 License, including under Article 19 of Form L-5; and

    c. SCE failed to do everything reasonably within its power to prevent the Musick Fire.

26. As a result of these breaches by SCE, the United States incurred damages in an amount to be established at trial.

**Third Claim for Relief**

**(Negligence)**

27. The United States reasserts and realleges, as if fully set forth herein, paragraphs 1-26 above.

28. SCE was negligent in causing the Musick Fire, including by, but not limited to, SCE's failure to maintain sufficient clearances between its 220kV Transmission Line and surrounding vegetation, and its failure to keep the area under and around the 220kV Transmission Line free of fire hazards.

29. SCE's negligence was the proximate cause of the Musick Fire.

30. As a result of SCE's negligence, the United States incurred damages in an amount to be established at trial.

### Fourth Claim for Relief

**(Negligence and Negligence Per Se under Cal. Pub. Res. Code § 4293)**

31. The United States reasserts and realleges, as if fully set forth herein, paragraphs 1-30 above.

32. SCE acted negligently, and also in violation of law, specifically in violation of California Public Resources Code § 4293, because it failed to maintain a clearance of at least 10 feet between its 220kV Transmission Line and surrounding vegetation.

33. Through SCE's negligent acts and omissions, and violations of law, SCE's 220kV Transmission Line ignited a tree within less than 10 feet of the 220kV Transmission Line, which caused the Musick Fire to ignite and proximately caused the damages sustained by the United States.

34. As a result of SCE's negligence, the United States incurred damages in an amount to be established at trial.

### Fifth Claim for Relief

**(Cal. Public Resources Code § 4435)**

35. The United States reasserts and realleges, as if fully set forth herein, paragraphs 1-34 above.

36. SCE's 220kV Transmission Line is a "device which may kindle a fire," within the meaning of California Public Resources Code § 4435.

37. Pursuant to California Public Resources Code § 4435, SCE's ignition of the Musick Fire is prima facie evidence of SCE's negligence in the maintenance, operation, or use of its 220kV Transmission Line.  SCE's negligence was the proximate cause of the damages sustained by the United States as a result of the Musick Fire.

38. As a result of SCE's negligence, the United States incurred damages in an amount to be established at trial.

### Sixth Claim for Relief

**(Cal. Health & Safety Code §§ 13007-13009.1)**

39. The United States reasserts and realleges, as if fully set forth herein, paragraphs 1-38 above.

40. On or about August 17, 2001, SCE negligently, and/or in violation of law, ignited the Musick Fire, thereby setting fire to or allowing a fire to be set to National Forest System lands within the Sierra National Forest.

41. The Musick Fire destroyed property of the United States, and caused the United States to incur fire suppression costs, resulting in damages to the United States in an amount to be established at trial.  SCE is liable for all damages to the United States resulting from the Musick Fire, including without limitation the United States' fire suppression costs, damages for injury to federal property, and the United States' administrative, investigative, accounting, and collection costs, under California Health & Safety Code §§ 13007-13009.1, in an amount to be established at trial.

**Sixth Claim for Relief**

**(Trespass by Fire)**

42. The United States reasserts and realleges, as if fully set forth herein, paragraphs 1-41 above.

43. On or about August 17, 2001, SCE negligently, and/or in violation of law, allowed a fire ignited by it to escape to the surrounding National Forest System lands within the Sierra National Forest.

44. The Musick Fire destroyed the United States' property, including by causing damage to approximately 193 acres of National Forest System lands.

45. As a result of SCE's trespass by fire upon the surrounding National Forest System lands within the Sierra National Forest, the United States has incurred damages in an amount to be established at trial.

**Seventh Claim for Relief**

**(Interest and Penalties)**

46. The United States reasserts and realleges, as if fully set forth herein, paragraphs 1-45 above.

47. The United States is entitled to recover interest and penalties under federal and state law, including, without limitation, under the federal Debt Collection Act, 31 U.S.C. § 3717.

**PRAYER FOR RELIEF**

WHEREFORE, for the reasons set forth above, the United States prays for judgment against SCE, as follows:

1. For payment of fire suppression costs and resource damages arising from the Musick Fire (including, but not limited to, the costs of fire suppression, the costs of rehabilitation and restoration of the burned areas, loss of timber, and loss of habitat and environmental values), plus interest and penalties, in an amount to be determined at trial;

2. For recovery of the United States' investigative, accounting, collection, and administrative costs arising from the Musick Fire;

3. For other costs and fees; and

4. For such other relief as this Court may deem just and proper, together with interest, costs, and disbursements in this action.

Dated:  August 6, 2007

                            Respectfully submitted,

                            McGREGOR W. SCOTT
                            United States Attorney

                       By:  /s/ Kirk E. Sherriff
                            KIRK E. SHERRIFF
                            Assistant U.S. Attorney

                            Attorneys for the
                            United States of America

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Fed. R. Civ. P. 38.

Dated:  August 6, 2007

                                Respectfully submitted,

                                McGREGOR W. SCOTT
                                United States Attorney

                        By:     /s/ Kirk E. Sherriff
                                KIRK E. SHERRIFF
                                Assistant U.S. Attorney

                                Attorneys for the
                                United States of America